# United States Bankruptcy Court
# Northern District of New York

| | |
|---|---|
| In re Deborah Linn Barnes,<br>　　　Debtor　　　　　　　　　） | Case No. 19-60194-6-dd |
| ） | |
| ） | Chapter 7 |
| ） | |
| Deborah Linn Barnes,　　　　） | |
| 　　　Plaintiff　　　　　　　） | |
| ） | |
| 　　　v.　　　　　　　　　　） | Adv. Proc. No. _____ |
| Lincoln Financial Group (formerly Liberty Life　） | |
| Assurance Company of Boston)　） | |
| 　　　Defendant　　　　　　　） | |

## **COMPLAINT**

Plaintiff, Deborah Linn Barnes ("Debtor"), by and through her undersigned counsel, files this Complaint pursuant to 11 U.S.C. §§ 105 (a), 362 (a) (1) and 524 a) (2), to enforce the automatic stay and alleges the following in support of the requested relief:

## **JURISDICTION**

**1.** This is an adversary proceeding in which the Plaintiff seeks to enforce the discharge of a particular debt pursuant to 11 U.S.C. §§ 105 (a), 362 (a) (1) and 524 a) (2)**.**

---

[*]All references to "Debtor" include and refer to both debtors in a case filed jointly by two individuals.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 (a) and 1334 et. al.

3. This is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A) and (O).

4. Plaintiff was a debtor in the underlying bankruptcy proceeding at Bankruptcy Case Number 19-60194-6-dd ("Bankruptcy proceeding").  Creditor Lincoln Financial Group (formerly Liberty Life Assurance) ("the Creditor") was listed as a creditor on the bankruptcy schedules and the pre-petition debt that Debtor owed was approximately $10,839.44.  On June 3, 2019, the Court entered an Order of Discharge (the "Order of Discharge").  Creditor continued its collection activity after the Order of Discharge.  Plaintiff seeks a determination of the extent of the debt subject to discharge. Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 157 (a).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a) and Local Bankruptcy Rule 1073-1 of the United States Bankruptcy Court for the Northern District of New York.

## BACKGROUND FACTS

6. Plaintiff worked for Wal-Mart Stores, Inc. until becoming disabled.

7. Plaintiff was granted Long Term Disability ("LTD") benefits at claim number 7697146 in the amount of $1,587.43 per month.  That partially replaced income Plaintiff loss during her periods of total disability. Plaintiff was advised that she had to apply for social security disability benefits to continue receiving monthly LTD benefits.

8. Plaintiff complied and applied for social security disability. Plaintiff notified Creditor of the application and receipt of benefits. Plaintiff started receiving social security disability payments in the amount of $1,448.90 per month.  Plaintiff complied with the terms of the long-term disability policy ("LTDP").

9. Creditor determined that Plaintiff was overpaid.  Creditor started withholding monies from

Plaintiff's LTD benefit payments starting on or about August 2018.  Creditor calculated the withholdings based on the LTDP at Section four.  Section Four governs deductions for other income benefits.  It defines "other income benefits" to include any governmental compulsory benefit act or law.  Plaintiff's LTD benefit payments decreased in differing amounts until finally terminating.

10. Plaintiff had not executed any reimbursement agreement that detailed Creditor's right to deduct overpayments from her LTD benefit payments.

## COUNT I

### MOTION TO ENFORCE.

11. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs one through ten.

12. Plaintiff argues that the Creditor's continuation withholding of her LTD benefit payments for the pre-petition debt is impermissible set-off under to 11 U.S. Code 553 and subject to discharge. In fact, her benefit statement details as *set-off* the "SS – Disability" benefit payment. The benefit statement discloses the set-off amount as $1,537.43.  Despite that, Creditor claims that as recoupment.

13. Plaintiff had not executed any reimbursement agreement that details Creditor's reimbursement from her LTD benefit payments.  Plaintiff contends that Creditor's remedy under the reimbursement agreement as a separate transaction subject to set-off pursuant to 11 U.S. Code 533 and subject to discharge.

14. It is clear that Plaintiff had not violated the LTDP. Courts have recognized recoupment as an equitable remedy but has construed its narrowly.

15. Under these facts, Plaintiff asserts that Creditor has violated the Bankruptcy Code provisions governing dischargeability of pre-petition debts, that Creditor acted willfully, and that Plaintiff has

been damaged in an amount determined by the withholding of the LTD monthly benefits of $1,587.43 per month starting on or about August 2018 and continuing.

WHEREFORE, the Plaintiff, Deborah Linn Barnes, respectfully requests that the Court enforce the Order of Discharge, that Creditor violated the Order of Discharge and that Creditor acted willfully causing Plaintiff damage, and for such other and further relief the Court deems appropriate.

RESPECTFULLY SUBMITTED,

/s/ SIGNATURE
Rosemarie Richards Esq.
Attorney Bar No.: 302602
Attorney Email: denros@frontiernet.net
Firm Address
P.O. Box 326
Gilbertsville, NY 13776
Firm Telephone Number: (607) 783-2929

2